

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00147-CR

---

ALEXANDER ZUNIGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-0490, Counts I & II; Honorable William R. Eichman II, Presiding

---

August 6, 2026

## ORDER OF ABATEMENT AND REMAND

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Alexander Zuniga, appeals his convictions for aggravated sexual assault of a child[1] and the concurrent thirty-year sentences imposed for each conviction. Appellant's brief was originally due July 9, 2026, but was not filed. By letter of July 16, 2026, we admonished Appellant's appointed counsel, Mr. Scott Simpkins, that failure to file a brief by July 27, 2026, would result in the appeal being abated and the cause

---

[1] *See* TEX. PENAL CODE § 22.021(a)(2)(B).

remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has neither filed a brief nor had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant is indigent;

3.      if Appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

4.      why a timely appellate brief has not been filed on behalf of Appellant;

5.      whether Appellant's counsel has abandoned the appeal;

6.      whether Appellant has been denied the effective assistance of counsel;

7.      whether new counsel should be appointed; and

8.      if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The Court further notes that, on eleven prior occasions, appellate causes have been remanded by this Court due to counsel's failure to timely file an appellate brief. Those appeals are as follows:

1.      07-24-00167-CR

2.      07-24-00188-CR

3.      07-24-00201-CR

2

4.    07-24-00256-CR

5.    07-24-00318-CR

6.    07-25-00038-CR

7.    07-25-00044-CR

8.    07-25-00088-CR

9.    07-25-00188-CR

10.   07-25-00204-CR

11.   07-25-00261-CR

In light of this history, the trial court shall address counsel's compliance with the applicable rules governing the timely filing of appellate briefs. *See* TEX. R. APP. P. 38.6.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 8, 2026. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

It is so ordered.

Per Curiam

Do not publish.